It appears to this court that this defendant has been accorded a fair and impartial trial. Certainly, it appears that the trial judge was painstaking, careful, and fair. His oral charge to the jury was of this nature, and ably and fully stated every phase of the law bearing upon the issues involved. The law contemplates a fair and impartial trial for one accused of the commission of any offense. Where it affirmatively appears that such a trial has been accorded, the accused is without right to complain or to demand more. The decision in this case rested with the jury. There was evidence to sustain them in their verdict. As no hurtful error appears, we must perforce order an affirmance of the judgment appealed from, and this we do.

Affirmed.

receive money or take an order for any lottery or gift enterprise ticket, or any ticket in any scheme in the nature of a lottery or gift enterprise; or who is interested or concerned in selling or disposing of any ticket in any lottery or gift enterprise, or scheme in the nature of a lottery or gift enterprise; or who shall act for or represent any other person in selling or disposing of any such ticket, must, on the first conviction," be punished, etc.

The complaint made by affidavit, charges this defendant with having set up, or was concerned in setting up or carrying on, a lottery in said county within twelve months, etc. The judgment, regular on its face, finds the defendant guilty. There is no bill of exceptions, and the judgment is affirmed.

Affirmed.

175 So. 334

## TYLER v. STATE.

### 8 Div. 474.

Court of Appeals of Alabama.

June 8, 1937.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The charge in this case was under section 4247 of the Code of 1923, which provides: "Any person who sets up, carries on, or is concerned in setting up or carrying on any lottery or device of like kind, or any gift enterprises, or any scheme in the nature of a lottery or gift enterprise; or who sells or disposes of any lottery or gift enterprise ticket, or ticket in any scheme in the nature of a lottery or gift enterprise; or who shall

176 So. 375

## BIRMINGHAM POST CO. v. MONTGOMERY.

### 6 Div. 33.

Court of Appeals of Alabama.

March 23, 1937.

Rehearing Granted May 11, 1937.

Further Rehearing Denied June 8, 1937.

